IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA EX REL )
    MICHAEL BAEZ, )
        Petitioner )    No. 05 C 6729
 )
v. )    The Honorable William J. Hibbler
 )
JOSEPH MATHY[1], )
        Respondent. )

## MEMORANDUM OPINION AND ORDER

Michael Baez petitions this Court under 28 U.S.C. § 2254, asking this Court to review the post-conviction proceedings concerning his 2002 Illinois convictions for first degree murder. Baez argues that the Illinois Appellate Court erred in affirming the summary dismissal of his post-conviction petition and also in holding that it had previously decided one claim raised in his post-conviction petition on direct appeal. For the reasons stated herein, the Court DENIES Baez's petition.

An Illinois jury convicted Michael Baez of first-degree murder in March 2002. Baez raised several claims on direct appeal. Among other issues, Baez questioned whether the State met its burden of proof, the trial court's jury instructions, and the effectiveness of his trial counsel. In 2004, the Illinois Appellate Court affirmed Baez's sentence and conviction. In a petition for leave to appeal to

---

[1] Joseph Mathy is currently the Acting Warden at the Pontiac Correctional Center, where Baez is incarcerated, and is thus the proper respondent in this *habeas* action. *See* Rule 2(a) of the Rules Governing *Habeas Corpus* cases under 28 U.S.C. § 2254. This court hereby substitutes Joseph Mathy as the respondent. *See* Fed. R. Civ. P. 25(d)(1).

1

the Illinois Supreme Court, Baez raised a single claim: that the trial court erred in failing to give a complete pattern jury instruction concerning prior inconsistent statements.

Baez also filed a petition for post-conviction relief, but did so in 2003 prior to the Illinois Appellate Court's decision on his direct appeal. In that petition, Baez raised several issues, including claims of error made by the trial court, a *Brady* claim, and several ineffective assistance of counsel claims. The state court summarily dismissed Baez's state post-conviction petition. In his appeal, Baez argued that the summary dismissal was improper and also raised two new ineffective assistance of counsel claims: that trial counsel was ineffective for failing to impeach a witness and that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness. In 2005, after the Illinois Appellate Court had resolved Baez's direct appeal, it affirmed the summary dismissal of his post-conviction petition on *res judicata* grounds. The Illinois Supreme Court denied leave to appeal.

Baez then filed this petition, raising two claims. First, Baez asks the Court to "clarify whether the summary dismissal of allegations contained in [his] post-conviction petition based solely on grounds of *res judicata*" was proper. Second, Baez asks the Court "to correct the [State] Appellate Court's erroneous finding" that it had decided his ineffective assistance of counsel claim on direct appeal.

Neither of Baez's claims is cognizable under *habeas corpus* review. Federal *habeas* relief is only available to a person in custody in violation of the United States Constitution or laws or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed. 2d 385 (1991); *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed. 2d 203 (1993); 28 U.S.C. § 2254(a). It is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions. *McGuire*, 502 U.S. at 67-68, 112 S.Ct. at 480.

2

In this case, Baez does not claim in his *habeas corpus* petition that he is confined in violation of the Constitution. Instead, he asks the Court to review the state court's use and application of *res judicata*. An improper application of *res judicata* (as Baez raises in his second *habeas* claim) is an error of state law, which is not cognizable of federal collateral review. *Powell v. Washington*, 19 F.3d 22, 1994 WL 69512, at *1, (7th Cir. 1994). Baez's first claim, that the state appellate court should not have summarily dismissed his post-conviction petition on *res judicata* grounds, also raises a question of state law. *See People v. Blair*, 215 Ill.2d 427, 442-43, 831 N.E.2d 604, 614 (Ill. 2005) (discussing whether state courts can apply the doctrines of waiver and *res judicata* to summarily dismiss post-conviction petitions as frivolous or patently without merit).

Unless some aspect of state collateral review violates an independent constitutional right, errors in state collateral review cannot form the basis for federal habeas corpus relief. *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir.1996). Baez makes no argument that the use of *res judicata* principles in post-conviction proceedings implicates his due process or other constitutional rights. *See Bucaram v. Chandler*, 566 F. Supp. 2d 755, 768 (N.D. Ill. 2007). The Seventh Circuit has made plain that *res judicata* is a merits-based determination that does not bar federal *habeas* review, and thus, despite the state court's rulings, Baez could have pursued his underlying constitutional claims in this petition if they were not otherwise procedurally defaulted. *Davis v. Lambert*, 388 F.3d 1052, 1058 (7th Cir. 2004).

In other words, rather than ask this Court to review the state court's decision to *apply* the doctrine of *res judicata*, Baez should have sought review of his underlying constitutional claims. Even though Baez proceeds *pro se*, it is also improper for the Court to look behind the curtain of the non-cognizable claims that he actually presented to find the constitutional claims he might have presented or that he raised in his state post-conviction petition. *See Jackson v. Duckworth*, 112 F.3d 878, 881 (7th

3

Cir. 1997) (refusing to look to the underlying federal claims where petitioner filed a *habeas corpus* petition challenging state's post-conviction petition procedures).

Baez only asks this Court to review the state's procedural rules governing its post-conviction proceedings and fails to present a cognizable claim. Therefore, the Court DENIES his petition for a writ of *habeas corpus*.

IT IS SO ORDERED.

1/9/09
Dated

Hon. William J. Hibbler
United States District Court